BOLIN, Judge.
Plaintiff, an architect, sues to recover the balance of fees allegedly due for architectural work performed in conjunction with defendant BaLaR Associates, Inc., in building the Cooper Road Neighborhood Facilities Center in Shreveport, Louisiana. Following trial judgment was rendered in favor of plaintiff Smith for $2,217.84, plus interest and costs. From this judgment BaLaR Associates filed a motion for a new trial which was granted, and the judgment in favor of Smith was reduced to $837.10 plus interest and costs. Plaintiff appeals asking that the judgment on rehearing be modified to increase the award to the amount of the original judgment. For the reasons hereinafter set forth we amend the judgment appealed from $837.10 to $2,217.84.
*519 In 1970 BaLaR entered into a contract with the Caddo Parish Police Jury in connection with the Cooper Road Neighborhood Facilities Center (also known as David Raines Center). The contract provided that BaLaR would furnish “. . . all architectural and engineering services necessary in the development and construction of the project . . .’’As compensation for these services, BaLaR was to receive eight per cent of the total cost of the project. In order to meet its obligations under the contract BaLaR had to obtain the services of an architect. BaLaR entered into a contract with Smith which is contained in the following letter:
“February 22, 1971
“Mr. Robert N. Smith, Architect
P. O. Box 286
Winnfield, Louisiana 71483
“Re: Joint Services Agreement Cooper Road Neighborhood Facilities Center Caddo Parish, Louisiana
“Dear Robert:
“As always, it is a privilege to be associated with you on the above referenced project. At our last meeting we agreed with each other that your firm would perform all architectural services required to complete the ‘building’ construction on the Cooper Road Neighborhood Facilities Center, exclusive of the electrical requirements and the design and construction plans for the foundations and structural requirements.
“The project is estimated to cost approximately $400,000 and a contract between BaLaR Associates, Inc., and the Caddo Parish Police Jury calls for a total fee of eight (8%) percent. Seven (7%) percent to be paid upon completion of the plans and specifications and the additional one (1%) percent to be paid each month as that percentage of the contractor’s estimate.
“After careful study of indebtedness already incurred on the project by BaLaR Associates, Inc. and the anticipated cost to us of administering the project to its final completion, it is hereby proposed that your firm receive forty (40%) percent of the total architectural/engineering fee and our firm receive sixty (60%) percent of the total fee as compensation for our services.
“If the afore mentioned figures constitutes your idea of our agreement, then please sign one copy of this letter and return it to me for our files.
“We look forward to a pleasant association with your firm.
“Sincerely,
“BaLaR Associates, Inc.
“By s/Ralph H. Brown
Ralph H. Brown
“The above statements are understood and accepted.
“Date 23-Feb., 1971 Robert N. Smith, Architect
“By s/Robert N. Smith
“Robert N. Smith”
During the period of planning and construction of the project, Smith performed all of the services required of him. The project was completed at a cost of $411,479 in the fall of 1972. The total architectural/engineering fee amounted to1 $32,918.32, and was paid to BaLaR. Of this amount plaintiff claims he is entitled to 40%, or $13,167.33. There was an additional $250 in fee at issue originally; however, plaintiff has waived any claim to that amount. Plaintiff was actually paid $10,949.49, including credit for sums paid to the mechanical engineer by mutual agreement. Plaintiff made demand upon BaLaR for the balance of his fee without success and then filed this suit.
During trial BaLaR made an offer of proof designed to show that under contract with Shreve Land Company certain portions of the project, dealing primarily with *520 the main building, were constructed for $368,331, and that other work was done by the Police Jury which amounted to $43,148, or a total project cost of $411,479. The trial judge granted a new trial and adopted the contention of defendant that plaintiff was entitled only to 40% of 8% of the $368,331 contract price for the construction by Shreve Land Company. Accordingly he modified his judgment to award Smith $837.10, plus interest and costs.
ISSUES
1. Does “total architectural/engineering fee” as used in the Joint Services Agreement between BaLaR and Smith refer to the fee for the total project or to the fee for a portion of the project?
2. Does the use of the term “building” construction in paragraph 1 of the Joint Services Agreement limit the “total architectural/engineering fee” to that portion of the total fee applicable to the Shreve Land Company contract?
3. If the contract is not ambiguous, is parol evidence admissible to explain the terms of the agreement?
From our scrutiny of the contract we fail to find any ambiguity in the terms which would necessitate explanation by oral testimony. Consequently, the rules set forth in Louisiana Civil Code Articles 1945 et seq., are controlling and we shall “endeavor to ascertain what was the common intention of the parties.” La.C.C. art. 1950. The first paragraph of the quoted letter-contract defines the area of plaintiff’s activity and responsibility, whereas the second paragraph quotes the approximate cost of the project ($400,000) and states that the total architectural/engineering fee would be computed at eight percent of the project cost. The third paragraph sets forth the proposal to Smith that his firm would receive 40% of the total architectural/engineering fee and “our firm [will] receive sixty (60%) percent of the total fee as compensation for our services.”
Applying a literal construction to the plain language of paragraphs two and three, we conclude Smith was to receive 40% and BaLaR was to receive 60% of the total architectural/engineering fee figured on the total cost of the project, i. e., $411,479. The fact that there were items of planning and construction for which the architect had no responsibility constitutes no basis for disallowance of his fee based upon the entire construction cost as set forth in his contract.
The judgment is amended to increase the award from $837.10 to $2,217.84, and as amended is affirmed at defendant’s cost.